FILED

2018 SEP 20  AM 10: 29

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KATIE WALLACE

       Plaintiff,  CASE NO.:

  v.  2:18-cv-627-FtM-38MRM

ALLEN CONCRETE & MASONRY, INC.,  JURY TRIAL DEMANDED
a Florida Corporation,

       Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

  Plaintiff, KATIE WALLACE ("Wallace" or "Plaintiff"), by and through her undersigned attorney, sues Defendant, ALLEN CONCRETE & MASONRY, INC., Florida Corporation ("Allen Concrete" or "Defendant") and states as follows:

### NATURE OF ACTION

  1. Plaintiff brings this action against Defendant, her former employer, for failure to pay overtime compensation in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201–219 ("FLSA").

### JURISDICTION

  2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

  3. Defendant Allen Concrete is subject to the personal jurisdiction of the United States District Court because it engages in substantial and not isolated activity within this judicial district.

  4. Defendant Allen Concrete is also subject to the personal jurisdiction of the

[ 1 ]

United States District Court because it operates, conducts, engages in, and/or carries on business in the Middle District of Florida. Specifically, Defendant's principal place of business is located at 6301 Shirley Street, Naples, FL 34109.

## FLSA COVERAGE

5. At all times material, Defendant Allen Concrete employed at least two or more employees who handled, sold, or otherwise worked with goods or materials that had once moved through interstate commerce.

6. At all times material, Defendant Allen Concrete had gross sales volume of at least $500,000 annually.

7. At all times material, Allen Concrete was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

8. Defendant Allen Concrete is an employer covered by the FLSA.

## VENUE

9. Venue is proper in the United States District Court for the Middle District of Florida based upon the following:

   a. The unlawful pay practices alleged herein occurred in Naples, Florida, in the Middle District of Florida;

   b. At all times material hereto, Defendant Allen Concrete was and continues to be a Florida Corporation registered with the Florida Department of Corporations, with a Florida Registered Agent and a license to do business within this judicial district.

   c. Defendant employed Plaintiff in the Middle District of Florida.

## PARTIES

10. At all times material hereto, Plaintiff was a resident of Collier County,

Florida, in the Middle District of Florida.

11. Defendant Allen Concrete was, and continues to be, a Florida Corporation engaged in the transaction of business in Collier County, Florida, with its principal place of business located in Naples, Florida.

12. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

13. At all times material hereto, Defendant Allen Concrete was and continues to be an "employer" within the meaning of the FLSA.

## STATEMENT OF CLAIM
## COUNT I
## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

14. Plaintiff realleges Paragraphs 1 through 13 as if fully stated herein.

15. Defendant hired Plaintiff in or around February 2014.

16. At all times material hereto, Defendant was a concrete and masonry company providing the placement and finishing of structural concrete for single-family homes, estates, retail centers, offices, warehouses, and steel and tilt-up buildings.

17. Plaintiff was hired by Defendant to work in the company accounts payable division in the Naples location. Plaintiff was responsible for assisting with the payment of invoices and assisting with the coordination of concrete and masonry jobs.

18. Plaintiff was improperly paid on a salary basis.

19. Plaintiff's employment ceased on or about May 28, 2018.

20. Since Plaintiff's date of hire with Defendant, in addition to Plaintiff's normal regular work week, Plaintiff worked additional hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half the regular rate for all hours actually worked.

21. Plaintiff was entitled to be paid at the rate of time and one-half her regular hourly rate for all hours worked in excess of the maximum hours provided for in the FLSA.

22. Defendant failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

23. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by Defendant's failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when Defendant knew or should have known such was due.

24. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

25. Due to the intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

26. Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in her favor against Defendant:

    a. Declaring that Defendant has violated the maximum hour provisions of 29 U.S.C. § 207;

    b. Awarding Plaintiff overtime compensation in amounts according to proof;

    c. Awarding Plaintiff liquidated damages in an equal amount to unpaid overtime;

    d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of

this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right.

Dated: September 19, 2018

Respectfully submitted,

By: /s/ Jason L. Gunter
Jason L. Gunter
Fla. Bar No. 0134694
Conor P. Foley
Fla. Bar No. 111977
**GUNTERFIRM**
1514 Broadway, Suite 101
Fort Myers, FL   33901
**Phone:** (239) 334-7017
**Fax:** (239) 236-8008
**Email:** Jason@Gunterfirm.com
**Email:** Conor@Gunterfirm.com