UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KATIE WALLACE,

    Plaintiff,

v.                                           Case No:   2:18-cv-627-FtM-38MRM

ALLEN CONCRETE & MASONRY, INC.,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

    Pending before the Court is the parties' Joint Motion to Approve [ ] FLSA Settlement and Dismiss With Prejudice, filed on March 21, 2019.  (Doc. 26).  Plaintiff Katie Wallace and Defendant Allen Concrete & Masonry, Inc. jointly request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") wage claims asserted in this case.  After a careful review of the parties' submissions and the court file, the Undersigned recommends approval of the proposed settlement.

### BACKGROUND

    In the Complaint, Plaintiff alleges that Defendant hired her in February 2014.  (Doc. 1 at 3).  Plaintiff claims that she was hired to work in the accounts payable division and was

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

responsible for assisting with the payment of invoices and with the coordination of concrete and masonry jobs.  (*Id.*).  Plaintiff further claims that she was improperly paid on a salary basis, worked hours in excess of forty (40) hours per week, and was not properly compensated for all of the hours she worked.  (*Id.*).  Plaintiff also claims that Defendant failed to pay her overtime compensation in violation of the FLSA.  (*Id.* at 4).

## LEGAL STANDARD

To approve the settlement of FLSA claims, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA.  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216.  There are two ways for a claim under the FLSA to be settled or compromised.  *Id.* at 1352-53.  The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees.  *Id.* at 1353.  The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages.  *Id.*  When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable.  *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when employees bring a lawsuit under the FLSA for back wages.  *Id.* at 1354.  The Eleventh Circuit held:

> [A lawsuit] provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

The Court turns to the provisions of the Settlement Agreement (Doc. 26-1).

## ANALYSIS

The parties agree that there is a bona fide dispute as to whether Plaintiff was entitled to unpaid wages and liquidated damages based upon whether she was misclassified as exempt from overtime under the administrative exemption. (Doc. 26 at 2, 4). Even though bona fide disputes exist between the parties, after negotiations between counsel and the exchange of documents, the parties decided to settle this matter. (*Id.* at 2-3, 4).

Under the terms of the Settlement Agreement, Defendant agrees to pay Plaintiff $2,782.50 for unpaid wages and $2,782.50 for liquidated damages. (Doc. 26-1 at 2). The parties agree that the compromised settlement is fair and reasonable based upon the contested issue of whether Plaintiff qualified for overtime wages. (Doc. 26 at 4). The Undersigned finds that based upon the representations of the parties, these amounts are a fair and reasonable resolution of the claims in this action.

## ATTORNEY'S FEES

Defendant agrees to pay Plaintiff's attorney's fees and costs in the amount of $4,435.00. (Doc. 26-1 at 3). The parties negotiated the amount of attorney's fees and costs separately, and without regard to the amount paid to Plaintiff. (Doc. 26 at 4). As explained in *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed

independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement."  In Bonetti, Judge Presnell concluded that:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id.*

In the instant case, the parties reached a settlement and agreed upon the amount of attorney's fees and costs without compromising the amount paid to Plaintiff.  (Doc. 26 at 4).  Thus, the Undersigned finds that the amount of attorney's fees is reasonable.

## CONCLUSION

The Undersigned finds that the Settlement Agreement (Doc. 26-1) appears reasonable on its face.  Accordingly, the Undersigned recommends that the Joint Motion to Approve [ ] FLSA Settlement and Dismiss With Prejudice (Doc. 26) be granted and the Settlement Agreement (Doc. 26-1) be approved.

Accordingly, it is **RESPECTFULLY RECOMMENDED** that:

1) The Joint Motion to Approve [ ] FLSA Settlement and Dismiss With Prejudice (Doc. 26) be **GRANTED**.

2) The Settlement Agreement (Doc. 26-1) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the parties' FLSA issues.

3)      If the presiding District Judge adopts this Report and Recommendation, then the Clerk of Court be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

Respectfully recommended in Chambers in Ft. Myers, Florida on March 21, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties